**In re Henry L. (Lee) TAYLOR, Eva M. (Mae) Taylor, Debtors.**

**Bankruptcy No. 2–82–00231.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Aug. 9, 1982.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frederick M. Luper, Columbus, Ohio, trustee.

## FINDINGS, OPINION AND ORDER ON DEBTORS' CLAIM OF EXEMPTION IN PROCEEDS OF INSURANCE SETTLEMENT

G. L. PETTIGREW, Bankruptcy Judge.

When the debtors had used furniture, underwear and socks, the whole lot was not very important, but a fire, smoke damage and an insurance proceeds check for $30,-947.00 are the substance of litigation. This controversy centers on the debtors' and the trustee's claims to the proceeds of an insurance settlement which resulted from a fire loss.

The debtors filed a bankruptcy case and listed the various items of personal property and claimed those items as exempt. Shortly after the filing, the debtors' home was struck with fire and substantial smoke and water damage to clothing, furniture, appliances and various items of personal property resulted. At the time of the fire, the items of personal property were insured. The central issue here revolves around the trustee's claim of an interest in the proceeds of the insurance settlement and the debtors' contention that the personal property was exempt and that the payment under the insurance contract is a replacement for the items of personal property. The trustee contends that the debtor is limited to a recovery of only the $3,800 value listed as the fair market value for items of personal property in the claim of exemption.

In order to resolve the issue presented here, the Court must determine what interest the debtors have in insurance proceeds received in payment for loss and damage to items of personal property. In order for any party to recover insurance proceeds, that party must have an insurable interest. In this case, under the provisions of § 541, the insurance contract which covered debtors' home and personal property became an asset of the bankruptcy estate under § 541. As an asset, the insurance contract carried with it the contingency that it would be called upon to satisfy claims if there was fire or casualty loss. In this instance, a fire did occur and items of personal property were lost as a result of fire, smoke and water damage. At the time of the loss, the insurance coverage attached to the debtors' insurable interest. That interest in the case of a bankruptcy estate was determined by § 522(b) and § 2329.66 of the Ohio Revised Code. In essence, the interest, while having a total dollar limitation, attached to each item claimed. In this case, we are benefitted by an itemized list or an inventory on which the insurance settlement was paid.

We must conclude that the principal reason for exemptions is to preserve the fresh start of the debtor. That preservation assures to the debtor clothing, certain items of furniture, appliances and so forth in order to carry on normal and necessary every day life activities. While there is no provision arising out of the exemptions statutes for the debtor to obtain a head start, it is meaningless for the debtor to be given a fresh start when that start does not include those items which the debtor properly owned, claimed as exempt and is entitled to as exempt items. Therefore, in the matter before us, each item properly claimed as exempt to which the debtors are entitled to have an exemption is further protected by the debtors' insurable interest

which is limited only by the maximum dollar amount found in the exemption statute. We must look to the specific provision of exemptions contained in 2329.66 of the Ohio Revised Code.

Therefore, while the controversy here centers on the total amount of the insurance proceeds, the maximum amount is set forth by Ohio Revised Code § 2329.66. In fact, the amount available to the debtors as a fresh start has been determined by the legislature. So long as the claim does not violate those provisions set forth by statute, the debtors are entitled to the allowance. Where there has been a limitation by statute, either in terms of the maximum amount allowable or in terms of whether such an item is covered, the statute controls. Finally, where no maximum is set forth, such as with each item of wearing apparel, beds and bedding, the two hundred dollar maximum per item controls. In the provisions of 2329.66(A)(4), the maximum allowable is $1,500.00. Added to the previously described amounts under 2329.-66(A)(17) is an additional $400.00 to which the debtors are entitled. Further, these entitlements are as to the debtors' individual and several interest. In this case, where their are items which are subject to a joint ownership interest, the exemptions apply to each debtor. Where the item is owned by only one debtor, the maximum amount allowable is that described as to one debtor. Because the evidence presented at the actual hearing involving this controversy did not provide sufficient facts on which to finally resolve the issues between these parties, the matter is to be set for a further evidentiary hearing to resolve and make a final determination of the issues separating these parties.

IT IS SO ORDERED.